**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| REZA SALEH, | No. 09-71874 |
| Petitioner, | Agency No. A077-323-835 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 6, 2012**

Before:     B. FLETCHER, REINHARDT, and TASHIMA, Circuit Judges.

Reza Saleh, a native and citizen of Indonesia, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We have

---

        *     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

        **    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, and we review de novo the agency's legal determinations. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny in part and grant in part the petition for review, and remand.

The record does not compel the conclusion that Saleh established extraordinary circumstances to excuse his untimely asylum application. *See* 8 C.F.R. § 1208.4(a)(5). Accordingly, his asylum claim fails.

Substantial evidence also supports the agency's denial of CAT relief because Saleh failed to show it is more likely than not he will be tortured with the consent or acquiescence of the government if returned to Indonesia. *See Wakkary*, 558 F.3d at 1067-68.

However, substantial evidence does not support the BIA's determination that the physical harm, death threats, and stalking Saleh suffered from Muslim extremists in Indonesia did not constitute past persecution. *See Navas v. INS*, 217 F.3d 646, 658 (9th Cir. 2000). Accordingly, we grant the petition as to Saleh's withholding of removal claim and remand for the agency to apply the presumption of eligibility for withholding of removal, *see Ali v. Holder*, 637 F.3d 1025, 1029 n.2 (9th Cir. 2011), and to consider whether the government has rebutted the

presumption of future fear by a preponderance of the evidence, *see id*. at 1029; *see also INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

**PETITION FOR REVIEW DENIED in part; GRANTED in part; and REMANDED.**